UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALEJANDRO DIAZ** | : | |
| (aka Osmin Juarez) | : | |
| **Central Detention Facility** | : | |
| **1901 D Street, SE** | : | |
| **Washington, DC 20003** | : | |
| | : | |
| *Plaintiff*, | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | |
| | : | |
| **THE DISTRICT OF COLUMBIA** | : | |
| | : | |
| **SERVE**:   The Honorable Mayor | : | |
| Anthony Williams | : | |
| Office of the Secretary | : | |
| 1350 Pennsylvania Ave, NW | : | |
| Suite 419 | : | |
| Washington, DC 20004 | : | |
| | : | |
| Office of the Attorney General | : | |
| 441 4th Street, NW | : | |
| 6th Floor South | : | |
| Washington, DC 20001 | : | |
| | : | |
| | : | |
| **CORRECTIONS CORPORATION OF** | : | |
| **AMERICA, INC.** | : | |
| | : | |
| **SERVE**:   CT CORPORATION SYSTEM | : | |
| 1025 Vermont Ave, NW | : | |
| Washington, DC 20005 | : | |
| | : | |
| **DEVON BROWN, Individually and** | : | |
| **in His Official Capacity** | : | |
| **Director, DC Department of Corrections** | : | |
| **1923 Vermont Avenue, NW** | : | |
| **Suite 202A** | : | |
| **Washington, DC 20001** | : | |
| | : | |
| **JOHN D. CAULFIELD, Individually and** | : | |
| **in His Official Capacity** | : | |
| **Warden, Correctional Treatment Facility** | : | |
| **Corrections Corporation of America** | : | |
| **1901 E Street, SE** | : | |
| **Washington, DC 20003** | : | |

| | |
|---|---|
| **MARQUIS JOHNSON, Individually and** | : |
| **in His Official Capacity** | : |
| **Correctional Officer, Correctional** | : |
| **Treatment Facility** | : |
| **Corrections Corporation of America** | : |
| **1901 E Street, SE** | : |
| **Washington, DC 20003** | : |
| | : |
| *and* | : |
| | : |
| **JOHN DOE, Individually and** | : |
| **in His Official Capacity** | : |
| **Correctional Officer, Correctional** | : |
| **Treatment Facility** | : |
| **Corrections Corporation of America** | : |
| **1901 E Street, SE** | : |
| **Washington, DC 20003** | : |
| | : |
| *Defendants*. | : |

## COMPLAINT

(Civil Rights Violation, Negligence, Assault and Battery, and Intentional Infliction of

Emotional Distress)

### I.    Jurisdiction

1.    This is a civil action seeking damages and other relief for the attack and injuries suffered by Alejandro Diaz (aka Osmin Juarez). This action arises under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the United States Constitution, and the common law.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

### II.    Parties

3.    Plaintiff, Alejandro Diaz, (aka Osmin Juarez) ("Mr. Diaz"), is an adult resident of the District of Columbia who is currently incarcerated at the Central Detention Facility. However, at all times relevant to this Complaint, he was incarcerated at the Correctional Treatment Facility ("CTF").

4. Defendant, District of Columbia ("District"), is a municipal corporation. The District of Columbia by and through its agents is responsible for the supervision of and operation of the District of Columbia Department of Corrections ("DCDC") and ensuring the health and safety of all inmates incarcerated in DCDC facilities, including the CTF. The District through its agents is responsible for monitoring the facilities with which the Department of Corrections contracts for the care and custody of prisoners committed to the custody of the Department of Corrections. The District is also responsible for and has a duty to establish policies and procedures for the Department of Corrections and its contracting agents, and for the training, supervision, and discipline of DCDC staff.

5. Defendant Devon Brown is the Director of the DCDC, and held that position at all relevant times. Defendant Brown is sued in both his official and individual capacities. At all times relevant to this Complaint, Defendant Brown was acting under color of law in all of his activities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Alejandro Diaz.

6. Defendant Corrections Corporation of America, Inc. ("CCA") is a Tennessee corporation doing business in and with the District. CCA operates the Correctional Treatment Facility on behalf of the District. At all times relevant to this Complaint, Defendant CCA was acting under color of law in all of its activities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Alejandro Diaz.

7. Defendant John D. Caulfield, was the Warden at CTF at all times relevant to this Complaint. As Warden, he was responsible for the care and custody of prisoners committed to the custody of DCDC housed at CTF, and had a duty to provide for their safety. He was also responsible for and had a duty to establish policies and procedures for CTF and oversight of the training, supervision, and discipline of CTF staff. At all times relevant to this Complaint, Defendant John D. Caulfield was acting under color of law.

8. Defendant Marquis Johnson is a Correctional Officer employed by the Corrections Corporation of America. Defendant Johnson is an agent of both CCA and the District of Columbia Department of Corrections by virtue of the contract between the District and CCA. Therefore, he is charged with the security of inmates at the CTF. At all times relevant to this Complaint, Defendant Marquis Johnson was acting under color of law.

9. Defendant John Doe is a Correctional Officer employed by the Corrections Corporation of America. Defendant John Doe is an agent of both CCA and the District of Columbia Department of Corrections by virtue of the contract between the District and CCA. Therefore, he is charged with the security of inmates at the CTF. At all times relevant to this Complaint, Defendant John Doe was acting under color of law.

### III. Factual Allegations

10. In all the acts and omissions alleged herein, all of the Defendants were acting under the color of the laws, customs, and uses and by virtue of the laws of the District of Columbia and the Constitution of the United States.

11. At all relevant time periods herein, each and every defendant knew or should have known of the acts, omissions, and conditions alleged herein. Said acts and omissions violated plaintiff's common law, constitutional, and statutory rights.

12. Defendant District of Columbia was at all relevant times the employer of each of the District Defendants, and the employees and subcontractors of CCA were agents of the District of Columbia whose actions are stated in this Complaint. With respect to these acts, the employees and subcontractors acted within the scope of their employment. Under the doctrine of respondeat superior, the District of Columbia and CCA was and is responsible for the negligent acts of its officers for any and all common law, constitutional, and statutory violations.

13. On June 30, 2006, Mr. Diaz was housed at the CTF as an inmate.

4

14. Mr. Diaz speaks limited English.

15. On June 30, 2006, Mr. Diaz was viciously attacked by Defendant Marquis Johnson ("Officer Johnson"). Defendant Johnson punched Mr. Diaz repeatedly about the head and face with closed fists.

16. Mr. Diaz did not strike or injure Officer Johnson at any time.

17. Mr. Diaz did not attempt to defend himself by returning any of Officer Johnson's punches. Instead, he tried to cover his face with his own hands in order to protect himself.

18. Mr. Diaz suffered a great loss of blood, received numerous stitches, a broken nose, bruises, swelling, and lacerations to his face and head.

19. Officer Johnson was physically restrained by other Correctional Officers after seriously injuring Mr. Diaz.

20. Immediately after the attack, Mr. Diaz was ordered to lie face down on the floor by another Correctional Officer. One of the Correctional Officers then placed the weight of his foot on the back of Mr. Diaz's neck to keep him down on the floor.

21. Mr. Diaz was lifted off the floor by two Correctional Officers who grabbed onto his wrists and hoisted his feet off the ground, holding him temporarily in mid-air. This caused great pain to Mr. Diaz's wrists and hands.

22. A video was taken surrounding the events described on June 30, 2006.

23. Mr. Diaz received urgent medical care for his injuries by medical staff at CTF.

24. Medical staff at CTF found Mr. Diaz bleeding profusely from the face with lacerations on the bridge of his nose, between his eyes, and on his forehead. Mr. Diaz also had a swollen left eye lid and general swelling about the face.

25. Mr. Diaz was then taken to Greater Southeast Community Hospital.

26. After receiving emergency medical treatment because of his extraordinary injuries at Greater Southeast Community Hospital, where he received numerous stitches and was diagnosed with a broken nose, Mr. Diaz was returned to CTF and was unfairly punished by being placed into solitary confinement.

27. Based upon the arguments of the independent medical staff, Mr. Diaz was moved to the medical unit, although in administrative segregation.

28. While on administrative segregation, Mr. Diaz lost any and all privileges afforded to inmates in the general population, including, but not limited to, outdoor recreation and exercising, the ability to watch television, the option of purchasing food items through the canteen service at CTF, visiting privileges, and contact with other inmates.

29. Following the attack of June 30, 2006, Mr. Diaz was not permitted to return to his cell and many of his personal items were either discarded or lost. These included copies of all the legal documents in his underlying criminal case, pictures of his child, mail from his family, toiletries, and other personal items.

30. Mr. Diaz's eyeglasses were destroyed during the June 30, 2006 attack and they have not been replaced. A second pair of eyeglasses was lost or discarded since June 30, 2006.

31. Sixteen days following the attack, on July 15, 2006, when the undersigned counsel first met with Mr. Diaz, he was still wearing the same unwashed blood stained undershirt and prison uniform that he had on when he was attacked on June 30, 2006.

32. During the time that Mr. Diaz remained in administrative segregation he was the victim of outrageous behavior from some of the staff at CTF.

33. The window on Mr. Diaz's cell block door at CTF was on occasion covered to prevent him from looking out into the hallway.

34. On August 11, 2006, Mr. Diaz was awakened by several Correctional Officers who attempted to provoke him by ransacking his cell and even going so far as opening a large envelope from undersigned counsel and clearly marked "Attorney Client Privilege". The contents of the envelope were emptied throughout his cell after the Correctional Officers reviewed its contents.

35. On August 16, 2006, Mr. Diaz was again attacked by another Correctional Officer, Defendant John Doe, at CTF.

36. Mr. Diaz was struck on the face and jaw by Defendant John Doe while sitting in a holding cell at CTF, handcuffed behind his back, and waiting to meet with the undersigned counsel.

37. During the attack of August 16, 2006, Defendant John Doe also grabbed Mr. Diaz by the neck.

38. As a result of the attack of June 30, 2006, the events of August 11, 2006, the attack of August 16, 2006, and other acts or omissions occurring at CTF since June 30, 2006, Mr. Diaz was concerned for his safety and was in fear of imminent danger.

39. Following the June 30, 2006 incident, Mr. Diaz remained in a solitary cell at CTF in administrative segregation until he was transferred to the Central Detention Facility on August 20, 2006.

40. Mr. Diaz was transferred out of the CTF on August 20, 2006 because he was seriously concerned for his safety and had a credible fear that he was in imminent danger.

41. As a result of the blunt trauma to his face and head from the attack of June 30, 2006, Mr. Diaz received numerous stitches, and suffered a broken nose, bruises, chronic jaw pain, a significant amount of blood loss, scarring, pain, emotional distress, and fainting spells.

42. As a result of the attack of August 16, 2006, Mr. Diaz suffered pain, swelling, a bruise, a cut on his forehead, bleeding, and emotional distress.

43. As a result of the outrageous behavior which Mr. Diaz experienced at CTF while on administrative segregation, he has suffered emotional distress.

## COUNT I

**Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983**
**(Against Defendants District of Columbia, Corrections Corporation of America, Correctional Officer Marquis Johnson, Devon Brown and John D. Caulfield in their individual and official capacity based upon the events of June 30, 2006).**

44. Mr. Diaz hereby incorporates paragraphs 1 through 43, *supra*, as set forth herein.

45. Defendants are charged with a constitutional duty to protect the safety of inmates at CTF from assaults or other intentional injuries at the hands of CTF staff. Defendants' actions demonstrated a reckless disregard for Mr. Diaz's health and safety and constituted a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

46. By the acts and omissions complained of, Defendants violated Mr. Diaz's Eighth Amendment's constitutional rights while acting under the color of law.

47. By the acts and omissions complained of, Defendant Johnson's brutal and vicious attack upon Mr. Diaz was a cruel and unusual punishment in violation of the Eighth Amendment.

48. Similarly, the decision of other correctional officers to order Mr. Diaz to lie face down immediately after suffering a brutal attack, and having a foot placed on the back of his neck was a cruel and unusual punishment in violation of the Eighth Amendment.

49. In addition, the actions of correctional officers to lift Mr. Diaz into mid-air by grabbing onto his wrists moments after a brutal and vicious attack was a cruel and unusual punishment in violation of the Eighth Amendment.

50. Defendants' actions are the proximate cause of his injuries, including having received numerous stitches, a broken nose, bruises, chronic jaw pain, scarring, losing a significant amount of blood, suffering pain, emotional distress, and fainting spells.

**COUNT II**

**Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983**
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity).**

51. Mr. Diaz hereby incorporates paragraphs 1 through 50, *supra*, as set forth herein.

52. Defendants are charged with a constitutional duty to ensure that inmates are not subject to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

53. As a result of the acts and omissions complained of, Defendants violated Mr. Diaz's Eighth Amendment's constitutional rights while acting under the color of law.

54. Defendants' decision to place and maintain Mr. Diaz on administrative segregation from the date of the attack on June 30, 2006 until August 20, 2006 at CTF, resulting in the loss of all general population inmate privileges, the obstruction of his cell block door window, and the events of August 11, 2006, was the violation of Mr. Diaz's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

55. Despite the fact that Defendant Caulfield knew or should have known of the existence of evidence exonerating Mr. Diaz for the attack of June 30, 2006, Mr. Diaz

9

remained in administrative segregation until August 20, 2006 at CTF, resulting in the violation of Mr. Diaz's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

## COUNT III

**Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983**
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown, John D. Caulfield, and Correctional Officer John Doe, in their individual and official capacity, based upon the events of August 16, 2006).**

56. Mr. Diaz hereby incorporates paragraphs 1 through 55, *supra*, as set forth herein.

57. Defendants are charged with a constitutional duty to protect inmates at CTF from assaults or injuries. Defendants' actions demonstrated a reckless disregard for Mr. Diaz's health and safety and constituted a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

58. As a result of the acts and omissions complained of, Defendants violated Mr. Diaz's Eighth Amendment's constitutional rights while acting under the color of law.

59. The correctional officer's unprovoked attack upon Mr. Diaz of August 16, 2006, was a cruel and unusual punishment in violation of the Eighth Amendment, and was in retaliation for Mr. Diaz's complaints regarding the attack of June 30, 2006 and the treatment he received at CTF since that date.

60. Defendants' actions are the proximate cause of his injuries, which included bruises, cuts, bleeding, and pain and emotional distress.

## COUNT IV

**Assault and Battery Arising Out of the Act Occurring on June 30, 2006**
**(Against Defendants Correctional Officer Marquis Johnson and Corrections Corporation of America, District of Columbia, Devon Brown and John D. Caulfield in their individual and official capacity).**

61.     Mr. Diaz hereby incorporates paragraphs 1 through 60, *supra*, as set forth herein.

62.     Mr. Diaz alleges that Defendant Johnson willfully committed assault and battery on June 30, 2006 by threatening and striking Mr. Diaz repeatedly about the face and head with closed fists.

63.     Defendant Johnson was not struck by Mr. Diaz during the incident of June 30, 2006.

64.     Defendants' actions are the proximate cause of Mr. Diaz's injuries, including having received numerous stitches, a broken nose, bruises, lacerations, scarring, chronic jaw pain, losing a significant amount of blood, suffering pain, emotional distress, and fainting spells.

## COUNT V

**Negligence Arising Out of the Act Occurring on June 30, 2006**
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity.**

65.     Mr. Diaz hereby incorporates paragraphs 1 through 64, *supra*, as set forth herein.

66.     Defendants have a duty to ensure that all inmates at CTF are safe and free from unwarranted attacks.

67. Defendants failed to properly train and supervise Officer Marquis Johnson to prevent the attack which occurred on June 30, 2006.

68. Due to the defendants' failure to properly train and supervise Officer Marquis Johnson, the attack of June 30, 2006 was foreseeable.

69. Defendants' actions resulted in Mr. Diaz suffering a vicious attack on June 30, 2006.

70. Defendants' actions are the proximate cause of Mr. Diaz's injuries, including having received numerous stitches, a broken nose, bruises, lacerations, scarring, chronic jaw pain, losing a significant amount of blood, suffering pain, emotional distress, and fainting spells.

## COUNT VI

**Assault and Battery Arising Out of the Act Occurring on August 16, 2006**
**(Against Defendants Correctional Officer John Doe, District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity).**

71. Mr. Diaz hereby incorporates paragraphs 1 through 70, *supra*, as set forth herein.

72. Mr. Diaz alleges that Defendant John Doe willfully committed assault and battery on August 16, 2006 by threatening and striking Mr. Diaz on the face and jaw and by grabbing Mr. Diaz's neck.

73. Defendant John Doe was not struck by Mr. Diaz during the attack of August 16, 2006.

74. At all times during the attack of August 16, 2006, Mr. Diaz was handcuffed behind his back.

75. Defendants' actions are the proximate cause of Mr. Diaz's injuries, which included bruises, cuts, bleeding, pain, and emotional distress.

## COUNT VII

### Negligence Arising Out of the Act Occurring on August 16, 2006
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity).**

76. Mr. Diaz hereby incorporates paragraphs 1 through 75, *supra*, as set forth herein.

77. Defendants have a duty to ensure that all inmates at CTF are safe and free from unwarranted attacks.

78. Defendants failed to properly train and supervise John Doe, the Correctional officer at CTF, who attacked Mr. Diaz on August 16, 2006.

79. Due to the defendants' failure to properly train and supervise correctional officers, the attack of August 16, 2006 was foreseeable.

80. Defendants' actions resulted in Mr. Diaz suffering an attack on August 16, 2006.

81. Defendants' actions are the proximate cause of Mr. Diaz's injuries, which included bruises, cuts, and pain and emotional distress.

## COUNT VIII

### Intentional Infliction of Emotional Distress
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown, John D. Caulfield, Correctional Officer Marquis Johnson, and Correctional Officer John Doe, in their individual and official capacity).**

82. Mr. Diaz hereby incorporates paragraphs 1 through 81, *supra*, as set forth herein.

83. Mr. Diaz alleges that Defendants' actions of June 30, 2006, August 11, 2006, August 16, 2006, and actions occurring between June 30, 2006 and August 20, 2006, were intentional, malicious, egregious, and a willful disregard of his rights.

84. As a result of the acts complained of, Mr. Diaz has suffered severe emotional distress.

**Prayer for Relief**

WHEREFORE, Mr. Diaz prays that this Honorable Court:

a) Issue a judgment against defendants, jointly and severally, and award plaintiff compensatory damages in the amount of one million ($1,000,000.00) dollars;

b) Issue a judgment against defendants, jointly and severally, and award plaintiff punitive damages in the amount of one million ($1,000,000.00) dollars;

c) Award plaintiff his reasonable attorney fees and the costs of this action;

d) Award plaintiff all such other and further relief to which he may be justly entitled.

**Jury Demand**

Plaintiff hereby demands a trial by jury of this matter.

Respectfully submitted,

_____
Miguel A. Serrano (DC Bar No. 491467)
Attorney at Law
1700 Pennsylvania Ave, NW
Suite 400
Washington, DC 20006
Tel: (202) 452-1160
Fax: (202) 349-1499

October 27, 2006                        Attorney for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** ALEJANDRO DIAZ (aka, Osmin Juarez)

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **DC**
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

**DEFENDANTS** District of Columbia, Corrections Corporation of America, Inc., Devon Brown, John D. Caulfield, Marquis Johnson, John Doe.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Miguel A. Serrano, Esq.
1700 Penn. Av, NW, Suite 400
Washington, DC 20006 (202)452-1160

CASE NUMBER 1:06CV01845
JUDGE: Emmet G. Sullivan
DECK TYPE: Civil Rights (non-employment)
DATE STAMP: 10/27/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. Habeas Corpus/ 2255<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. Employment Discrimination<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. FOIA/PRIVACY ACT<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. Student Loan<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. Labor/ERISA (non-employment)<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. Other Civil Rights (non-employment)<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. Contract<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. Three-Judge Court<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ Multi district Litigation
☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. §1983 - Violation of Eighth Amendment; Negligence; Assault & Battery

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 2,000,000-   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 10/27/06   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.