UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEJANDRO DIAZ<br>(aka Osmin Juarez)<br><br>*Plaintiff*<br><br>v.<br><br>THE DISTRICT OF COLUMBIA;<br>CORRECTIONS CORPORATION OF<br>AMERICA, INC.; DEVON BROWN,<br>Individually and in His Official<br>Capacity Director, DC Department of<br>Corrections; JOHN D. CAULFIELD,<br>Individually and in His Official<br>Capacity Warden, Correctional<br>Treatment Facility, Corrections<br>Corporation of America; MARQUIS<br>JOHNSON, Individually and in His<br>Official Capacity Correctional Officer,<br>Correctional Treatment Facility;<br><br>*and*<br><br>JOHN DOE, Individually and in His<br>Official Capacity Correctional Officer,<br>Correctional Treatment Facility,<br>Corrections Corporation of America<br><br>*Defendants* | Civil Action No. 1:06CV01845 EGS |

## DEFENDANTS CAULFIELD, JOHNSON AND CORRECTIONS CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants John Caulfield, Marquis Johnson and Corrections Corporation of America ("CCA"), for their Answer to Plaintiff's Complaint, hereby admit, deny and allege as follows.

1.  These answering Defendants deny each and every allegation not specifically admitted or otherwise pleaded to.

## I. Jurisdiction

2. In answering Paragraph 1 of Plaintiff's Complaint, Defendants admit same.

3. In answering Paragraph 2 of Plaintiff's Complaint, Defendants admit same.

## II. Parties

4. In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit only that as of June 30, 2006, Plaintiff, a District of Columbia Department of Corrections inmate, was incarcerated at Defendant CCA's Correctional Treatment Facility.

5. In answering Paragraph 4 of Plaintiff's Complaint, this Paragraph is not directed at these answering Defendants. Therefore, no response is required. To the extent Paragraph 4 contains allegations against these answering Defendants, Defendants deny same.

6. In answering Paragraph 5 of Plaintiff's Complaint, this Paragraph is not directed at these answering Defendants. Therefore, no response is required. To the extent Paragraph 5 contains allegations against these answering Defendants, Defendants deny same.

7. In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit only that CCA's principal place of business is in Tennessee and that it operates the Correctional Treatment Facility located in the District of Columbia pursuant to a correctional services contract entered into between CCA and the District of Columbia for the housing of District of Columbia Department of Corrections inmates. Defendants also admit they were acting under color of law in operating the Correctional Treatment Facility.

8. In answering Paragraph 7 of Plaintiff's Complaint, Defendants admit only that Defendant Warden John Caulfield, as Warden, oversees the operation of the Correctional Treatment Facility. Defendants also admit that Warden Caulfield, like all

prison officials, have a duty to act reasonably. Defendants admit that Warden Caulfield was acting under color of law in the performance of his duties as Warden of the Correctional Treatment Facility.

9. In answering Paragraph 8 of Plaintiff's Complaint, Defendants admit only that Defendant Officer Marquis Johnson was an employee of CCA at the time of the incident in question and was acting under color of law in the performance of his duties as a correctional officer. Defendants also admit that Defendant Johnson has a duty to act reasonably.

10. In answering Paragraph 9 of Plaintiff's Complaint, this Paragraph is not directed at these answering Defendants. Therefore, no response is required. To the extent Paragraph 9 contains allegations against these answering Defendants, Defendants deny same.

### III. Factual Allegations

11. In answering Paragraph 10 of Plaintiff's Complaint, Defendants admit only that they were acting under color of law in the performance of their duties as warden, correctional officer and operator of CCA's Correctional Treatment Facility.

12. In answering Paragraph 11 of Plaintiff's Complaint, Defendants deny same.

13. In answering Paragraph 12 of Plaintiff's Complaint, Defendants admit only that CCA's principal place of business is in Tennessee and that it operates the Correctional Treatment Facility located in the District of Columbia pursuant to a correctional services contract entered into as between CCA and the District of Columbia for the housing of District of Columbia Department of Corrections inmates. Defendants deny the remaining allegations set forth in Paragraph 12.

14. In answering Paragraph 13 of Plaintiff's Complaint, Defendants admit same.

15. In answering Paragraph 14 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore, deny same.

16. In answering Paragraph 15 of Plaintiff's Complaint, Defendants deny same.

17. In answering Paragraph 16 of Plaintiff's Complaint, Defendants deny same.

18. In answering Paragraph 17 of Plaintiff's Complaint, Defendants deny same.

19. In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit only that as a result of the June 30, 2006, incident, Plaintiff was treated for the following injuries: laceration to the forehead; laceration above the right eye; and laceration to the bridge of the nose. Defendants also admit that Plaintiff was transferred to the Greater Southeast Community Hospital for treatment of the above stated injuries. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and therefore, deny same.

20. In answering Paragraph 19 of Plaintiff's Complaint, Defendants deny same.

21. In answering Paragraph 20 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore, deny same.

22. In answering Paragraph 21 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 21 and therefore, deny same.

23. In answering Paragraph 22 of Plaintiff's Complaint, Defendants admit only that a videotape of the escort of Plaintiff was taken regarding the June 30, 2006, incident.

24. In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit only that Plaintiff was provided prompt and appropriate medical care following the June 30, 2006, incident.

25. In answering Paragraph 24 of Plaintiff's Complaint, Defendants admit only that as a result of the June 30, 2006, incident, Plaintiff was treated for the following injuries: laceration to the forehead; laceration above the right eye; and laceration to the bridge of the nose. Defendants also admit that Plaintiff was transferred to the Greater Southeast Community Hospital for treatment of the above stated injuries.

26. In answering Paragraph 25 of Plaintiff's Complaint, Defendants admit same.

27. In answering Paragraph 26 of Plaintiff's Complaint, Defendants admit only that after receiving medical treatment at the Greater Southeast Community Hospital, he returned to CCA's Correctional Treatment Facility. Defendants deny the remaining allegations set forth in Paragraph 26.

28. In answering Paragraph 27 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 27 and therefore, deny same.

29. In answering Paragraph 28 of Plaintiff's Complaint, Defendants deny same.

30. In answering Paragraph 29 of Plaintiff's Compliant, Defendants deny same.

31. In answering Paragraph 30 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 30 and therefore, deny same.

32. In answering Paragraph 31 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 31 and therefore, deny same.

33. In answering Paragraph 32 of Plaintiff's Complaint, Defendants deny same.

34. In answering Paragraph 33 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 33 and therefore, deny same.

35. In answering Paragraph 34 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 34 and therefore, deny same.

36. In answering Paragraph 35 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 35 and therefore, deny same.

37. In answering Paragraph 36 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 36 and therefore, deny same.

38. In answering Paragraph 37 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 37 and therefore, deny same.

39. In answering Paragraph 38 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 38 and therefore, deny same.

40. In answering Paragraph 39 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 39 and therefore, deny same.

41. In answering Paragraph 40 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 40 and therefore, deny same.

42. In answering Paragraph 41 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 41 and therefore, deny same.

43. In answering Paragraph 42 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 42 and therefore, deny same.

44. In answering Paragraph 43 of Plaintiff's Complaint, Defendants deny same.

## COUNT I
### Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. §1983

45. In answering Paragraph 44 of Plaintiff's Complaint, Defendants incorporate Paragraphs 1-45, above.

46. In answering Paragraph 45 of Plaintiff's Complaint, Defendants admit only that they have a duty to act reasonably. Defendants deny the remaining allegations set forth in Paragraph 45.

47. In answering Paragraph 46 of Plaintiff's Complaint, Defendants deny same.

48. In answering Paragraph 47 of Plaintiff's Complaint, Defendants deny same.

49. In answering Paragraph 48 of Plaintiff's Complaint, Defendants deny same.

50. In answering Paragraph 49 of Plaintiff's Complaint, Defendants deny same.

51. In answering Paragraph 50 of Plaintiff's Complaint, Defendants deny same.

## COUNT II
### Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Act of 1871, 42 U.S.C. §1983

52. In answering Paragraph 51 of Plaintiff's Complaint, Defendants incorporate herein, Paragraphs 1-51, above.

53. In answering Paragraph 52 of Plaintiff's Complaint, Defendants admit only that they have a duty to act reasonably.

54. In answering Paragraph 53 of Plaintiff's Complaint, Defendants deny same.

55. In answering Paragraph 54 of Plaintiff's Complaint, Defendants deny same.

56. In answering Paragraph 55 of Plaintiff's Complaint, Defendants deny same.

## COUNT III
### Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Act of 1871, 42 U.S.C. §1983

57. In answering Paragraph 56 of Plaintiff's Complaint, Defendants incorporate herein, Paragraphs 1-56, above.

58. In answering Paragraph 57 of Plaintiff's Complaint, Defendants admit only that they have a duty to act reasonably. Defendants deny the remaining allegations set forth in Paragraph 57.

59. In answering Paragraph 58 of Plaintiff's Complaint, Defendants deny same.

60. In answering Paragraph 59 of Plaintiff's Complaint, Defendants deny same.

61. In answering Paragraph 60 of Plaintiff's Complaint, Defendants deny same.

## COUNT IV
### Assault and Battery Arising Out of the Act Occurring on June 30, 2006

62. In answering Paragraph 61 of Plaintiff's Complaint, Defendants incorporate herein, Paragraphs 1-61, above.

63. In answering Paragraph 62 of Plaintiff's Complaint, Defendants deny same.

64. In answering Paragraph 63 of Plaintiff's Complaint, Defendants deny same.

65. In answering Paragraph 64 of Plaintiff's Complaint, Defendants deny same.

## COUNT V
### Negligence Arising Out of the Act Occurring on June 30, 2006

66. In answering Paragraph 65 of Plaintiff's Complaint, Defendants incorporate herein, Paragraphs 1-65, above.

67. In answering Paragraph 66 of Plaintiff's Complaint, Defendants admit only that they have a duty to act reasonably.

68. In answering Paragraph 67 of Plaintiff's Complaint, Defendants deny same.

69. In answering Paragraph 68 of Plaintiff's Complaint, Defendants deny same.

70. In answering Paragraph 69 of Plaintiff's Complaint, Defendants deny same.

71. In answering Paragraph 70 of Plaintiff's Complaint, Defendants deny same.

## COUNT VI
### Assault and Battery Arising Out of the Act Occurring on August 16, 2006

72. In answering Paragraph 71 of Plaintiff's Complaint, Defendants incorporate herein, Paragraphs 1-71, above.

73. In answering Paragraph 72 of Plaintiff's Complaint, Defendants deny same.

74. In answering Paragraph 73 of Plaintiff's Complaint, Defendants deny same.

75. In answering Paragraph 74 of Plaintiff's Complaint, Defendants deny same.

76. In answering Paragraph 75 of Plaintiff's Complaint, Defendants deny same.

## COUNT VII
### Negligence Arising Out of the Act Occurring on August 16, 2006

77. In answering Paragraph 76 of Plaintiff's Complaint, Defendants incorporate herein, Paragraphs 1-76, above.

78. In answering Paragraph 77 of Plaintiff's Complaint, Defendants admit only that they have a duty to act reasonably.

79. In answering Paragraph 78 of Plaintiff's Complaint, Defendants deny same.

80. In answering Paragraph 79 of Plaintiff's Complaint, Defendants deny same.

81. In answering Paragraph 80 of Plaintiff's Complaint, Defendants deny same.

82. In answering Paragraph 81 of Plaintiff's Complaint, Defendants deny same.

## COUNT VIII
### Intentional Infliction of Emotional Distress

83. In answering Paragraph 82 of Plaintiff's Complaint, Defendants incorporate herein, Paragraphs 1-82, above.

84. In answering Paragraph 83 of Plaintiff's Complaint, Defendants deny same.

85. In answering Paragraph 84 of Plaintiff's Complaint, Defendants deny same.

## AFFIRMATIVE DEFENSES

86. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

87. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff failed to exhaust administrative remedies in accordance with the Prison Litigation Reform Act prior to filing suit, thereby precluding all claims asserted under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a).

88. As a separate defense, and in the alternative, these answering Defendants allege that an inmate does not have a constitutional right to a particular classification or housing assignment.

89. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's injuries, losses and damages were the result of assumption of the risk by Plaintiff.

90. As a separate defense, and in the alternative, these answering Defendants allege they were acting under legal process, with good, sufficient and probable cause to be so acting, and that the actions of CCA's employees were in good faith and without malice.

91. As a separate defense, and in the alternative, these answering Defendants allege that the actions of CCA's employees were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

92. As a separate defense, and in the alternative, these answering Defendants allege that the actions or inactions alleged on the part of Defendants was not the proximate cause of any injuries, losses and damages to Plaintiff.

93. As a separate defense, and in the alternative, these answering Defendants allege that CCA employees enjoy qualified immunity from suit, as they were acting under close official supervision of the District of Columbia, and were acting in good faith and without malice, all of which would prevent Plaintiff from recovering from these Defendants.

94. As a separate defense, and in the alternative, these answering Defendants allege they acted objectively reasonable under the circumstances in order to restore discipline and safety.

95. As a separate defense, and in the alternative, these answering Defendants allege Plaintiff was contributorily negligent, which would diminish or eliminate Plaintiff's right to recover under certain claims for relief.

96. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's intentional and assaultive conduct was the proximate cause of the injuries/damages complained of.

97. As a separate defense, and in the alternative, these answering Defendants allege that the CCA employees were acting in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prove in order to prevail on a claim of deliberate indifference.

98. As a separate defense, and in the alternative, these answering Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of

Plaintiff, thereby precluding punitive damages and recovery for intentional infliction of emotional distress.

99. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's injuries, losses and damages, if any, were the result of the negligence or intentional act of someone other than these Defendants, thereby reducing or eliminating any damages owed by these Defendants.

100. As a separate defense, and in the alternative, these answering Defendants allege that the actions or inactions alleged on the part of these Defendants were not the proximate cause of any injuries, losses and damages to Plaintiff.

101. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

102. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff has failed to set forth a grave deprivation in regard to his allegation that a Constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

103. As a separate defense, and in the alternative, these answering Defendants allege that Defendants were not subjectively aware of, and did not consciously disregard, a substantial risk of harm to Plaintiff, thereby warranting dismissal of this lawsuit.

104. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's claims may be barred by the applicable statute of limitations.

105. Although these answering Defendants do not presently have specific facts in support of its remaining defenses, it wishes to put counsel for Plaintiff on notice that they raise the following affirmative defenses, as set forth in Rule 8, Fed. R. Civ. P.,

should subsequent discovery disclose facts that support those defenses, including but not limited to: fraud; illegality; payment; release; res judicata; and waiver.

106. WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, these Defendants pray that Plaintiff take nothing and that these Defendants be discharged with costs and attorneys fees' incurred pursuant to 42 U.S.C. § 1988.

Defendants hereby demand a jury trial as to all triable issues.

Respectfully submitted this 22nd day of November, 2006.

        s/ Daniel P. Struck
Daniel P. Struck
(D.C. Bar No. C00037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 714-7304
Facsimile: (602) 200-7811 (direct)

Kelvin L. Newsome
(D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 647-5928
Facsimile: (703) 647-5978 (direct)

Counsel for Defendants *John Caulfield, Marquis Johnson, and Corrections Corporation of America*

Foregoing electronically filed this
22nd day of November, 2006.

    s/ Daniel P. Struck

1715355.1