UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEJANDRO DIAZ (aka Osmin Juarez) | : | |
| *Plaintiff* | : | |
| v. | : | Civil Action No. 1:06CV01845 |
| THE DISTRICT OF COLUMBIA; CORRECTIONS CORPORATION OF AMERICA, INC.; DEVON BROWN, Individually and in His Official Capacity Director, DC Department of Corrections; JOHN D. CAULFIELD, Individually and in His Official Capacity Warden, Correctional Treatment Facility, Corrections Corporation of America; MARQUIS JOHNSON, Individually and in His Official Capacity Correctional Officer, Correctional Treatment Facility; | : | Judge: Emmet G. Sullivan<br>Calendar: Initial Scheduling Conference 3/7/07 at 11:00 a.m. |
| *and* | : | |
| JOHN DOE, Individually and in His Official Capacity Correctional Officer, Correctional Treatment Facility, Corrections Corporation of America | : | |
| *Defendants* | : | |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Plaintiff and Defendants, through counsel and in compliance with this Court's January 8, 2007 Order For Initial Scheduling Conference, hereby submit their Local Civil Rule 16.3 and Fed. R. Civ. P. 26(f) Report as follows:

1. **Brief Statement of the Case**

During the summer of 2006, Plaintiff was a District of Columbia inmate housed at the Correctional Treatment Center ("CTF") operated by Corrections Corporation of America ("CCA"). The District incarcerates District of Columbia Department of Corrections inmates at CTF pursuant to a correctional services contract entered into by the District and CCA.

Plaintiff alleges that on June 30, 2006, he was assaulted by Defendant Johnson, a CCA correctional officer. Plaintiff alleges that Defendant Johnson attacked him and punched him. Plaintiff did not resist or assault Defendant Johnson. Plaintiff claims that as a result of the incident, he suffered personal injury including a broken nose, bruises, swelling and lacerations of his face and head. Plaintiff also alleges that as a result of the incident, he was improperly placed in administrative segregation and some of his personal property was discarded or lost while in segregation. Plaintiff furthermore claims that on August 16, 2006, and while assigned to administrative segregation, he was assaulted by an unknown correctional officer.

Plaintiff alleges Eighth Amendment violation claims arising from the alleged excessive force incident with Defendant Johnson and his subsequent placement in administrative segregation following Plaintiff's return from the hospital. Plaintiff also asserts corresponding assault and battery and negligence claims as well as a claim for intentional infliction of emotional distress.

Defendants deny liability and damages. Defendants allege that on June 30, 2006, Defendant Johnson used only the necessary force to restrain Plaintiff after Plaintiff attacked Officer Johnson. Defendants assert that after Plaintiff's return from the hospital, Plaintiff was permissibly placed in administrative segregation as Plaintiff posed a safety and security risk to the facility based upon his assaultive behavior. Defendants deny that Plaintiff's personal property was purposefully lost or destroyed while in segregation and dispute that Plaintiff was again assaulted on August 16, 2006, by an unknown

correctional officer. Defendants also assert that Plaintiff may have failed to exhaust administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) and District of Columbia Code §12-309, thereby precluding some or all of Plaintiff's claims.

### 2. **Statutory Basis for Causes of Action and Defenses**

This Court has jurisdiction over this 42 U.S.C. §1983 and corresponding tort claims action pursuant to 28 U.S.C. §1331 and 1343.

### 3. **Dispositive Motion**

Defendants anticipate filing dispositive motions upon completion of discovery. Plaintiff will make this determination at the conclusion of discovery.

### 4. **Other Parties**

Defendants do not anticipate the addition of other parties. Plaintiff is unable to make this determination at this time. However, amendments to the pleadings shall be made by August 31, 2007.

### 5. **Assignment to Magistrate Judge**

The parties do not request that this case be assigned to a Magistrate Judge at this time.

### 6. **Settlement**

The parties require some discovery before they can determine whether settlement is feasible in this case. The parties have discussed mediation as a means of pursuing settlement as discovery progresses.

### 7. **Alternative Dispute Resolution**

The parties may wish to take advantage of the Court's ADR procedures, but before doing so would like to make an attempt to resolve this dispute on their own. ADR should take place after the completion of discovery, or earlier if the parties request.

### 8. **Motions**

Defendants intend to argue in a dispositive motion that Plaintiff is unable to establish

his asserted constitutional violation claims.  Defendants may make additional arguments depending on what is revealed through discovery.  The parties agree to a deadline of November 30, 2007, for the filing of dispositive motions.

9. **Mandatory Disclosures**

The parties shall provide the initial disclosures required by F.R.C.P. 26(a)(1) by March 30, 2007.

10. **Discovery**

The parties agree that the scope of discovery shall address liability and damages. The parties have not yet exchanged written discovery requests and request a Scheduling Order be entered in this matter that provides for the following:

- Discovery, including responses to written discovery requests, depositions and expert depositions, shall be completed by October 26, 2007.

- Plaintiff shall disclose expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2)(B) by July 20, 2007.

- Defendants shall disclose expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2)(B) by August 17, 2007.

- Plaintiff and Defendants shall disclose rebuttal expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2)(B) by September 14, 1007.

- The parties agree to a protective order to ensure confidentiality of all records exchanged between the parties.

11. **Expert Witnesses**

The parties believe that the requirements of F.R.C.P. 26(a)(2) should not be waived and the parties shall complete all expert depositions by October 26, 2007.

12. **Class Action**

Not applicable to this action.

13. **Bifurcation**

Neither the trial nor discovery should be bifurcated or managed in phases at this time. Defendants reserve the right to assert that bifurcation at trial is necessary, should discovery in this case reveal that bifurcation is advisable.

14. **Pretrial Conference**

The Scheduling Order to be entered in this case should set forth a date for a status conference after the Court has ruled on any pending motions for summary judgment or in the alternative, if no dispositive motions are filed, after the date of completion of discovery. At that status conference, the parties will be prepared to discuss their settlement efforts and whether ADR would be helpful in resolving the case. A pretrial date should be set at said status conference.

15. **Trial Date**

The Scheduling Order to be entered in this case should provide that a trial date will be set at the pretrial conference which should follow the completion of discovery and rulings on any pending dispositive motions. The parties request that the trial date be at 60 days following the pretrial conference.

Respectfully submitted,

By     /s/  Miguel A. Serrano (per authorization)
Miguel A. Serrano (D.C. Bar 491467)
1700 Pennsylvania Ave. NW
Suite 400
Washington, D.C. 20006
Tel:          (202) 452-1160
Fax:         (202) 349-1499
Counsel for *Plaintiff*

      By   /s/   Daniel P. Struck
          Daniel P. Struck (D.C. Bar No. C00037)
          JONES, SKELTON & HOCHULI, P.L.C.
          2901 North Central Avenue, Suite 800
          Phoenix, Arizona 85012
          Telephone:   (602) 263-1700
          Facsimile:   (602) 263-1784

      CARR MALONEY, P.C.
      Paul Maloney (D.C. Bar No. 3632533)
      Mariana Bravo (D.C. Bar No. 473809)
      Colleen E. Durbin (D.C. Bar No. 500039)
      1615 L. St. NW, Ste. 500
      Washington, D.C. 20036
      Telephone (202) 310-5500
      Fax (202) 310-5555

Counsel for Defendants *District of Columbia, Corrections Corporation of America, Inc., Devon Brown, John Caulfield, and Marquis Johnson*

Foregoing *electronically* filed this 28th day
of February, 2007.

**CERTIFICATE OF SERVICE**

    I hereby certify than on the 28th day of February, 2007, a true copy of the foregoing **JOINT REPORT PURSUANT TO LOCAL RULE 16.3** was mailed, first class, postage prepaid, to:

Miguel A. Serrano, Esq.
Attorney at Law
1700 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20006
Attorney for *Plaintiff*

Colleen E. Durbin
CARR MALONEY, P.C.
1615 L. St. NW, Ste. 500
Washington, D.C. 20036

    /s/  Carol S. Madden 1748131.1

- 6 -