UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALEJANDRO DIAZ** | : | |
|     (aka Osmin Juarez) | : | |
| | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION 06-1845 |
| | : | (EGS) |
| | : | |
| **THE DISTRICT OF COLUMBIA** | : | |
| | : | |
| **SERVE:**   The Honorable Mayor | : | |
|                Anthony Williams | : | |
|                Office of the Secretary | : | |
|                1350 Pennsylvania Ave, NW | : | |
|                Suite 419 | : | |
|                Washington, DC 20004 | : | |
| | : | |
|                Office of the Attorney General | : | |
|                441 4th Street, NW | : | |
|                6th Floor South | : | |
|                Washington, DC 20001 | : | |
| | : | |
| **CORRECTIONS CORPORATION OF** | : | |
| **AMERICA, INC.** | : | |
| | : | |
| **SERVE:**   CT CORPORATION SYSTEM | : | |
|                1025 Vermont Ave, NW | : | |
|                Washington, DC 20005 | : | |
| | : | |
| **DEVON BROWN, Individually and** | : | |
|      in His Official Capacity | : | |
| **Director, DC Department of Corrections** | : | |
| **1923 Vermont Avenue, NW** | : | |
| **Suite 202A** | : | |
| **Washington, DC 20001** | : | |
| | : | |
| **JOHN D. CAULFIELD, Individually and** | : | |
|      in His Official Capacity | : | |
| **Warden, Correctional Treatment Facility** | : | |
| **Corrections Corporation of America** | : | |
| **1901 E Street, SE** | : | |
| **Washington, DC 20003** | : | |

| | |
|---|---|
| **MARQUI JOHNSON, Individually and** | : |
| **in His Official Capacity** | : |
| **Correctional Officer, Correctional** | : |
| **Treatment Facility** | : |
| **Corrections Corporation of America** | : |
| **1901 E Street, SE** | : |
| **Washington, DC 20003** | : |
| | : |
| *and* | : |
| | : |
| **THOMAS FORD, Individually and** | : |
| **in His Official Capacity** | : |
| **Correctional Officer, Correctional** | : |
| **Treatment Facility** | : |
| **Corrections Corporation of America** | : |
| **1901 E Street, SE** | : |
| **Washington, DC 20003** | : |
| | : |
| *Defendants*. | : |

## AMENDED COMPLAINT

(Civil Rights Violation, Negligence, Assault and Battery, and Intentional Infliction of

Emotional Distress)

### I.   Jurisdiction

1. This is a civil action seeking damages and other relief for the attack and injuries suffered by Alejandro Diaz (aka Osmin Juarez). This action arises under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the United States Constitution, and the common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

### II.   Parties

3. Plaintiff, Alejandro Diaz, (aka Osmin Juarez) ("Mr. Diaz"), is an adult who is currently incarcerated at the Federal Correctional Institute in Miami, Florida. However, at all times relevant to this Complaint, he was incarcerated at the Correctional Treatment Facility ("CTF") in Washington, D.C.

4. Defendant, District of Columbia ("District"), is a municipal corporation. The District of Columbia by and through its agents is responsible for the supervision of and operation of the District of Columbia Department of Corrections ("DCDC") and ensuring the health and safety of all inmates incarcerated in DCDC facilities, including the CTF. The District through its agents is responsible for monitoring the facilities with which the Department of Corrections contracts for the care and custody of prisoners committed to the custody of the Department of Corrections. The District is also responsible for and has a duty to establish policies and procedures for the Department of Corrections and its contracting agents, and for the training, supervision, and discipline of DCDC staff.

5. Defendant Devon Brown is the Director of the DCDC, and held that position at all relevant times. Defendant Brown is sued in both his official and individual capacities. At all times relevant to this Complaint, Defendant Brown was acting under color of law in all of his activities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Alejandro Diaz.

6. Defendant Corrections Corporation of America, Inc. ("CCA") is a Tennessee corporation doing business in and with the District. CCA operates the Correctional Treatment Facility on behalf of the District. At all times relevant to this Complaint, Defendant CCA was acting under color of law in all of its activities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Alejandro Diaz.

7. Defendant John D. Caulfield, was the Warden at CTF at all times relevant to this Complaint. As Warden, he was responsible for the care and custody of prisoners committed to the custody of DCDC housed at CTF, and had a duty to provide for their safety. He was also responsible for and had a duty to establish policies and procedures for CTF and oversight of the training, supervision, and discipline of CTF staff. At all times relevant to this Complaint, Defendant John D. Caulfield was acting under color of law.

8. Defendant Marqui Johnson is a Correctional Officer employed by the Corrections Corporation of America. Defendant Johnson is an agent of both CCA and the District of Columbia Department of Corrections by virtue of the contract between the District and CCA. Therefore, he is charged with the security of inmates at the CTF. At all times relevant to this Complaint, Defendant Marqui Johnson was acting under color of law.

9. Defendant Thomas Ford is a Correctional Officer employed by the Corrections Corporation of America. Defendant Thomas Ford is an agent of both CCA and the District of Columbia Department of Corrections by virtue of the contract between the District and CCA. Therefore, he is charged with the security of inmates at the CTF. At all times relevant to this Complaint, Defendant Thomas Ford was acting under color of law.

### III.  Factual Allegations

10. In all the acts and omissions alleged herein, all of the Defendants were acting under the color of the laws, customs, and uses and by virtue of the laws of the District of Columbia and the Constitution of the United States.

11. At all relevant time periods herein, each and every defendant knew or should have known of the acts, omissions, and conditions alleged herein. Said acts and omissions violated plaintiff's common law, constitutional, and statutory rights.

12. Defendant District of Columbia was at all relevant times the employer of each of the District Defendants, and the employees and subcontractors of CCA were agents of the District of Columbia whose actions are stated in this Complaint. With respect to these acts, the employees and subcontractors acted within the scope of their employment. Under the doctrine of respondeat superior, the District of Columbia and CCA was and is responsible for the negligent acts of its officers for any and all common law, constitutional, and statutory violations.

13. On June 30, 2006, Mr. Diaz was housed at the CTF as an inmate.

4

14. Mr. Diaz speaks limited English.

15. On June 30, 2006, Mr. Diaz was viciously attacked by Defendant Marqui Johnson ("Officer Johnson"). Defendant Johnson punched Mr. Diaz repeatedly about the head and face with closed fists.

16. Mr. Diaz did not strike or injure Officer Johnson at any time.

17. Mr. Diaz did not attempt to defend himself by returning any of Officer Johnson's punches. Instead, he tried to cover his face with his own hands in order to protect himself.

18. Mr. Diaz suffered a great loss of blood, received numerous stitches, a broken nose, bruises, swelling, and lacerations to his face and head.

19. Officer Johnson was physically restrained by other Correctional Officers after seriously injuring Mr. Diaz.

20. Immediately after the attack, Mr. Diaz was ordered to lie face down on the floor by another Correctional Officer. One of the Correctional Officers then placed the weight of his foot on the back of Mr. Diaz's neck to keep him down on the floor.

21. Mr. Diaz was lifted off the floor by two Correctional Officers who grabbed onto his wrists and hoisted his feet off the ground, holding him temporarily in mid-air. This caused great pain to Mr. Diaz's wrists and hands.

22. A video was taken surrounding the events described on June 30, 2006.

23. Mr. Diaz received urgent medical care for his injuries by medical staff at CTF.

24. Medical staff at CTF found Mr. Diaz bleeding profusely from the face with lacerations on the bridge of his nose, between his eyes, and on his forehead. Mr. Diaz also had a swollen left eye lid and general swelling about the face.

25. Mr. Diaz was then taken to Greater Southeast Community Hospital.

26. After receiving emergency medical treatment because of his extraordinary injuries at Greater Southeast Community Hospital, where he received numerous stitches and was diagnosed with a broken nose, Mr. Diaz was returned to CTF and was unfairly punished by being placed into solitary confinement.

27. Based upon the arguments of the independent medical staff, Mr. Diaz was moved to the medical unit, although in administrative segregation.

28. While on administrative segregation, Mr. Diaz lost any and all privileges afforded to inmates in the general population, including, but not limited to, outdoor recreation and exercising, the ability to watch television, the option of purchasing food items through the canteen service at CTF, visiting privileges, and contact with other inmates.

29. Following the attack of June 30, 2006, Mr. Diaz was not permitted to return to his cell and many of his personal items were either discarded or lost. These included copies of all the legal documents in his underlying criminal case, pictures of his child, mail from his family, toiletries, and other personal items.

30. Mr. Diaz's eyeglasses were destroyed during the June 30, 2006 attack and they have not been replaced. A second pair of eyeglasses was lost or discarded since June 30, 2006.

31. Sixteen days following the attack, on July 15, 2006, when the undersigned counsel first met with Mr. Diaz, he was still wearing the same unwashed blood stained undershirt and prison uniform that he had on when he was attacked on June 30, 2006.

32. During the time that Mr. Diaz remained in administrative segregation he was the victim of outrageous behavior from some of the staff at CTF.

33. The window on Mr. Diaz's cell block door at CTF was on occasion covered to prevent him from looking out into the hallway.

34. On August 11, 2006, Mr. Diaz was awakened by several Correctional Officers who attempted to provoke him by ransacking his cell and even going so far as opening a large envelope from undersigned counsel and clearly marked "Attorney Client Privilege". The contents of the envelope were emptied throughout his cell after the Correctional Officers reviewed its contents.

35. On August 16, 2006, Mr. Diaz was again attacked by another Correctional Officer, Defendant Thomas Ford, at CTF.

36. Mr. Diaz was struck on the face and jaw by Defendant Thomas Ford while sitting in a holding cell at CTF, handcuffed behind his back, and waiting to meet with the undersigned counsel.

37. During the attack of August 16, 2006, Defendant Thomas Ford also grabbed Mr. Diaz by the neck.

38. As a result of the attack of June 30, 2006, the events of August 11, 2006, the attack of August 16, 2006, and other acts or omissions occurring at CTF since June 30, 2006, Mr. Diaz was concerned for his safety and was in fear of imminent danger.

39. Following the June 30, 2006 incident, Mr. Diaz remained in a solitary cell at CTF in administrative segregation until he was transferred to the Central Detention Facility on August 20, 2006.

40. Mr. Diaz was transferred out of the CTF on August 20, 2006 because he was seriously concerned for his safety and had a credible fear that he was in imminent danger.

41. As a result of the blunt trauma to his face and head from the attack of June 30, 2006, Mr. Diaz received numerous stitches, and suffered a broken nose, bruises, chronic jaw pain, a significant amount of blood loss, scarring, pain, emotional distress, and fainting spells.

42. As a result of the attack of August 16, 2006, Mr. Diaz suffered pain, swelling, a bruise, a cut on his forehead, bleeding, and emotional distress.

43. As a result of the outrageous behavior which Mr. Diaz experienced at CTF while on administrative segregation, he has suffered emotional distress.

## COUNT I

**Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983**
**(Against Defendants District of Columbia, Corrections Corporation of America, Correctional Officer Marqui Johnson, Devon Brown and John D. Caulfield in their individual and official capacity based upon the events of June 30, 2006).**

44. Mr. Diaz hereby incorporates paragraphs 1 through 43, *supra*, as set forth herein.

45. Defendants are charged with a constitutional duty to protect the safety of inmates at CTF from assaults or other intentional injuries at the hands of CTF staff. Defendants' actions demonstrated a reckless disregard for Mr. Diaz's health and safety and constituted a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

46. By the acts and omissions complained of, Defendants violated Mr. Diaz's Eighth Amendment's constitutional rights while acting under the color of law.

47. By the acts and omissions complained of, Defendant Johnson's brutal and vicious attack upon Mr. Diaz was a cruel and unusual punishment in violation of the Eighth Amendment.

48. Similarly, the decision of other correctional officers to order Mr. Diaz to lie face down immediately after suffering a brutal attack, and having a foot placed on the back of his neck was a cruel and unusual punishment in violation of the Eighth Amendment.

49. In addition, the actions of correctional officers to lift Mr. Diaz into mid-air by grabbing onto his wrists moments after a brutal and vicious attack was a cruel and unusual punishment in violation of the Eighth Amendment.

50. Defendants' actions are the proximate cause of his injuries, including having received numerous stitches, a broken nose, bruises, chronic jaw pain, scarring, losing a significant amount of blood, suffering pain, emotional distress, and fainting spells.

**COUNT II**

**Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983**
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity).**

51. Mr. Diaz hereby incorporates paragraphs 1 through 50, *supra*, as set forth herein.

52. Defendants are charged with a constitutional duty to ensure that inmates are not subject to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

53. As a result of the acts and omissions complained of, Defendants violated Mr. Diaz's Eighth Amendment's constitutional rights while acting under the color of law.

54. Defendants' decision to place and maintain Mr. Diaz on administrative segregation from the date of the attack on June 30, 2006 until August 20, 2006 at CTF, resulting in the loss of all general population inmate privileges, the obstruction of his cell block door window, and the events of August 11, 2006, was the violation of Mr. Diaz's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

55. Despite the fact that Defendant Caulfield knew or should have known of the existence of evidence exonerating Mr. Diaz for the attack of June 30, 2006, Mr. Diaz

remained in administrative segregation until August 20, 2006 at CTF, resulting in the violation of Mr. Diaz's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

## COUNT III

**<u>Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. § 1983</u>**
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown, John D. Caulfield, and Correctional Officer Thomas Ford, in their individual and official capacity, based upon the events of August 16, 2006).**

56. Mr. Diaz hereby incorporates paragraphs 1 through 55, *supra*, as set forth herein.

57. Defendants are charged with a constitutional duty to protect inmates at CTF from assaults or injuries. Defendants' actions demonstrated a reckless disregard for Mr. Diaz's health and safety and constituted a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

58. As a result of the acts and omissions complained of, Defendants violated Mr. Diaz's Eighth Amendment's constitutional rights while acting under the color of law.

59. The correctional officer's unprovoked attack upon Mr. Diaz of August 16, 2006, was a cruel and unusual punishment in violation of the Eighth Amendment, and was in retaliation for Mr. Diaz's complaints regarding the attack of June 30, 2006 and the treatment he received at CTF since that date.

60. Defendants' actions are the proximate cause of his injuries, which included bruises, cuts, bleeding, and pain and emotional distress.

## COUNT IV

### Assault and Battery Arising Out of the Act Occurring on June 30, 2006
**(Against Defendants Correctional Officer Marqui Johnson and Corrections Corporation of America, District of Columbia, Devon Brown and John D. Caulfield in their individual and official capacity).**

61.     Mr. Diaz hereby incorporates paragraphs 1 through 60, *supra*, as set forth herein.

62.     Mr. Diaz alleges that Defendant Johnson willfully committed assault and battery on June 30, 2006 by threatening and striking Mr. Diaz repeatedly about the face and head with closed fists.

63.     Defendant Johnson was not struck by Mr. Diaz during the incident of June 30, 2006.

64.     Defendants' actions are the proximate cause of Mr. Diaz's injuries, including having received numerous stitches, a broken nose, bruises, lacerations, scarring, chronic jaw pain, losing a significant amount of blood, suffering pain, emotional distress, and fainting spells.

## COUNT V

### Negligence Arising Out of the Act Occurring on June 30, 2006
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity.**

65.     Mr. Diaz hereby incorporates paragraphs 1 through 64, *supra*, as set forth herein.

66.     Defendants have a duty to ensure that all inmates at CTF are safe and free from unwarranted attacks.

67. Defendants failed to properly train and supervise Officer Marqui Johnson to prevent the attack which occurred on June 30, 2006.

68. Due to the defendants' failure to properly train and supervise Officer Marqui Johnson, the attack of June 30, 2006 was foreseeable.

69. Defendants' actions resulted in Mr. Diaz suffering a vicious attack on June 30, 2006.

70. Defendants' actions are the proximate cause of Mr. Diaz's injuries, including having received numerous stitches, a broken nose, bruises, lacerations, scarring, chronic jaw pain, losing a significant amount of blood, suffering pain, emotional distress, and fainting spells.

## COUNT VI

**Assault and Battery Arising Out of the Act Occurring on August 16, 2006**
**(Against Defendants Correctional Officer Thomas Ford, District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity).**

71. Mr. Diaz hereby incorporates paragraphs 1 through 70, *supra*, as set forth herein.

72. Mr. Diaz alleges that Defendant Thomas Ford willfully committed assault and battery on August 16, 2006 by threatening and striking Mr. Diaz on the face and jaw and by grabbing Mr. Diaz's neck.

73. Defendant Thomas Ford was not struck by Mr. Diaz during the attack of August 16, 2006.

74. At all times during the attack of August 16, 2006, Mr. Diaz was handcuffed behind his back.

75. Defendants' actions are the proximate cause of Mr. Diaz's injuries, which included bruises, cuts, bleeding, pain, and emotional distress.

## COUNT VII

### Negligence Arising Out of the Act Occurring on August 16, 2006
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown and John D. Caulfield in their individual and official capacity).**

76. Mr. Diaz hereby incorporates paragraphs 1 through 75, *supra*, as set forth herein.

77. Defendants have a duty to ensure that all inmates at CTF are safe and free from unwarranted attacks.

78. Defendants failed to properly train and supervise Thomas Ford, the Correctional officer at CTF, who attacked Mr. Diaz on August 16, 2006.

79. Due to the defendants' failure to properly train and supervise correctional officers, the attack of August 16, 2006 was foreseeable.

80. Defendants' actions resulted in Mr. Diaz suffering an attack on August 16, 2006.

81. Defendants' actions are the proximate cause of Mr. Diaz's injuries, which included bruises, cuts, and pain and emotional distress.

## COUNT VIII

### Intentional Infliction of Emotional Distress
**(Against Defendants District of Columbia, Corrections Corporation of America, Devon Brown, John D. Caulfield, Correctional Officer Marqui Johnson, and Correctional Officer Thomas Ford, in their individual and official capacity).**

82. Mr. Diaz hereby incorporates paragraphs 1 through 81, *supra*, as set forth herein.

83. Mr. Diaz alleges that Defendants' actions of June 30, 2006, August 11, 2006, August 16, 2006, and actions occurring between June 30, 2006 and August 20, 2006, were intentional, malicious, egregious, and a willful disregard of his rights.

84. As a result of the acts complained of, Mr. Diaz has suffered severe emotional distress.

### Prayer for Relief

WHEREFORE, Mr. Diaz prays that this Honorable Court:

a) Issue a judgment against defendants, jointly and severally, and award plaintiff compensatory damages in the amount of one million ($1,000,000.00) dollars;

b) Issue a judgment against defendants, jointly and severally, and award plaintiff punitive damages in the amount of one million ($1,000,000.00) dollars;

c) Award plaintiff his reasonable attorney fees and the costs of this action;

d) Award plaintiff all such other and further relief to which he may be justly entitled.

### Jury Demand

Plaintiff hereby demands a trial by jury of this matter.

Respectfully submitted,

_____
Miguel A. Serrano (DC Bar No. 491467)
Attorney at Law
1700 Pennsylvania Ave, NW
Suite 400
Washington, DC 20006
Tel: (202) 452-1160
Fax: (202) 349-1499

August 31, 2007                          Attorney for Plaintiff