## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEJANDRO DIAZ<br>(aka Osmin Juarez) | : | |
| *Plaintiff* | : | |
| v. | : | Civil Action No. 1:06-cv-01845 EGS |
| THE DISTRICT OF COLUMBIA;<br>CORRECTIONS CORPORATION OF<br>AMERICA, INC.; DEVON BROWN,<br>Individually and in His Official<br>Capacity Director, DC Department of<br>Corrections; JOHN D. CAULFIELD,<br>Individually and in His Official<br>Capacity Warden, Correctional<br>Treatment Facility, Corrections<br>Corporation of America; MARQUIS<br>JOHNSON, Individually and in His<br>Official Capacity Correctional Officer,<br>Correctional Treatment Facility; | : | Judge:     Emmet G. Sullivan |
| *and* | : | |
| JOHN DOE, Individually and in His<br>Official Capacity Correctional Officer,<br>Correctional Treatment Facility,<br>Corrections Corporation of America | : | |
| *Defendants* | : | |

### DEFENDANTS CORRECTIONS CORPORATION OF AMERICA, JOHN CAULFIELD, MARQUI JOHNSON, DISTRICT OF COLUMBIA AND DEVON BROWN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Corrections Corporation of America ("CCA"), John Caulfield, Marqui Johnson, District of Columbia ("D.C.") and Devon Brown, for their Answer to Plaintiff's Amended Complaint, hereby admit, deny and allege as follows.

1. These answering Defendants deny each and every allegation not specifically admitted or otherwise pleaded to.

## I. Jurisdiction

2. In answering Paragraph 1 of Plaintiff's Amended Complaint, Defendants admit same.

3. In answering Paragraph 2 of Plaintiff's Amended Complaint, Defendants admit same.

## II. Parties

4. In answering Paragraph 3 of Plaintiff's Amended Complaint, Defendants admit only that as of June 30, 2006, Plaintiff, a District of Columbia Department of Corrections inmate, was incarcerated at Defendant CCA's Correctional Treatment Facility.

5. In answering Paragraph 4 of Plaintiff's Amended Complaint, Defendants admit only that the District is a municipality. Defendants also admit they have a duty to act reasonably to protect inmates in Defendants' custody from foreseeable and unreasonable risks of harm. Furthermore, Defendants admit that the District monitors correctional facilities that house District of Columbia inmates and that the Department of Corrections has in place, policies and procedures that provide for the training, supervision and discipline of Department of Corrections personnel. Defendants deny the remaining allegations set forth in Paragraph 4.

6. In answering Paragraph 5 of Plaintiff's Amended Complaint, Defendants admit same.

7. In answering Paragraph 6 of Plaintiff's Amended Complaint, Defendants admit only that CCA's principal place of business is in Tennessee and that it operates the Correctional Treatment Facility located in the District of Columbia pursuant to a correctional services contract entered into as between CCA and the District of Columbia for the housing of District of Columbia Department of Corrections inmates.

Defendants also admit they were acting under color of law in operating the Correctional Treatment Facility.

8. In answering Paragraph 7 of Plaintiff's Amended Complaint, Defendants admit only that Defendant Warden John Caulfield, as Warden, oversees the operation of the Correctional Treatment Facility. Defendants also admit that Warden Caulfield, like all prison officials, have a duty to act reasonably to protect the safety of the inmate population. Defendants admit that Warden Caulfield was acting under color of law in the performance of his duties as Warden of the Correctional Treatment Facility.

9. In answering Paragraph 8 of Plaintiff's Amended Complaint, Defendants admit only that Defendant Officer Marqui Johnson was an employee of CCA at the time of the incident in question and was acting under color of law in the performance of his duties as a correctional officer. Defendants also admit that Defendant Johnson, like all prison officials, has a duty to act reasonably to protect the safety of the inmate population from foreseeable and unreasonable risks of harm.

10. In answering Paragraph 9 of Plaintiff's Amended Complaint, Defendants admit only that Defendant Officer Thomas Ford is and was an employee of CCA at the time of the incident in question and was acting under color of law in the performance of his duties as a correctional officer. Defendants also admit that Defendant Ford, like all prison officials, has a duty to act reasonably to protect the safety of the inmate population from foreseeable and unreasonable risks of harm.

### III. Factual Allegations

11. In answering Paragraph 10 of Plaintiff's Amended Complaint, Defendants admit only that these answering Defendants were acting under color of law in the performance for their duties in the operation of the Correctional Treatment Facility (CCA Defendants) and the D.C. Department of Corrections (D.C. Defendants.

12. In answering Paragraph 11 of Plaintiff's Amended Complaint, Defendants deny same.

13. In answering Paragraph 12 of Plaintiff's Amended Complaint, Defendants admit only that the District employed Defendant Devon Brown, Director, D.C. Department of Corrections. Defendants also admit that Corrections Corporation of America operated the Correctional Treatment Facility, a prison located in the District of Columbia, pursuant to a correctional services contract entered into as between CCA and the District for the housing of District of Columbia Department of Corrections inmates. Defendants deny the remaining allegations set forth in Paragraph 12.

14. In answering Paragraph 13 of Plaintiff's Amended Complaint, Defendants admit same.

15. In answering Paragraph 14 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore, deny same. Defendants affirmatively allege that Plaintiff is able to sufficiently understand the English language when spoken to him.

16. In answering Paragraph 15 of Plaintiff's Amended Complaint, Defendants deny same.

17. In answering Paragraph 16 of Plaintiff's Amended Complaint, Defendants deny same.

18. In answering Paragraph 17 of Plaintiff's Amended Complaint, Defendants deny same.

19. In answering Paragraph 18 of Plaintiff's Amended Complaint, Defendants admit only that as a result of the June 30, 2006, incident, Plaintiff was treated for the following injuries: laceration to the forehead; laceration above the right eye; and laceration to the bridge of the nose. Defendants also admit that Plaintiff was transferred to the Greater Southeast Community Hospital for treatment of the above stated injuries. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and therefore, deny same.

20. In answering Paragraph 19 of Plaintiff's Amended Complaint, Defendants deny same.

21. In answering Paragraph 20 of Plaintiff's Amended Complaint, Defendants admit only that Plaintiff was restrained following Plaintiff's assault upon Officer Johnson. Defendants deny the remaining allegations set forth in Paragraph 19.

22. In answering Paragraph 21 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 21 and therefore, deny same.

23. In answering Paragraph 22 of Plaintiff's Amended Complaint, Defendants admit only that a videotape of the escort of Plaintiff was taken regarding the June 30, 2006, incident.

24. In answering Paragraph 23 of Plaintiff's Amended Complaint, Defendants admit only that Plaintiff was provided prompt and appropriate medical care following the June 30, 2006, incident.

25. In answering Paragraph 24 of Plaintiff's Amended Complaint, Defendants admit only that as a result of the June 30, 2006, incident, Plaintiff was treated for the following injuries: laceration to the forehead; laceration above the right eye; and laceration to the bridge of the nose. Defendants also admit that Plaintiff was transferred to the Greater Southeast Community Hospital for treatment of the above stated injuries.

26. In answering Paragraph 25 of Plaintiff's Amended Complaint, Defendants admit same.

27. In answering Paragraph 26 of Plaintiff's Amended Complaint, Defendants admit only that after receiving medical treatment at the Greater Southeast Community Hospital, he returned to CCA's Correctional Treatment Facility. Defendants deny the remaining allegations set forth in Paragraph 26.

28. In answering Paragraph 27 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 27 and therefore, deny same.

29. In answering Paragraph 28 of Plaintiff's Amended Complaint, Defendants deny same.

30. In answering Paragraph 29 of Plaintiff's Amended Complaint, Defendants deny same.

31. In answering Paragraph 30 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 30 and therefore, deny same.

32. In answering Paragraph 31 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 31 and therefore, deny same.

33. In answering Paragraph 32 of Plaintiff's Amended Complaint, Defendants deny same.

34. In answering Paragraph 33 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 33 and therefore, deny same.

35. In answering Paragraph 34 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 34 and therefore, deny same.

36. In answering Paragraph 35 of Plaintiff's Amended Complaint, Defendants deny same.

37. In answering Paragraph 36 of Plaintiff's Amended Complaint, Defendants deny same.

38. In answering Paragraph 37 of Plaintiff's Amended Complaint, Defendants deny same.

39. In answering Paragraph 38 of Plaintiff's Amended Complaint, Defendants deny same.

40. In answering Paragraph 39 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 39 and therefore, deny same.

41. In answering Paragraph 40 of Plaintiff's Amended Complaint, Defendants deny same.

42. In answering Paragraph 41 of Plaintiff's Amended Complaint, Defendants admit only that as a result of the June 30, 2006, incident, Plaintiff was treated for the following injuries: laceration to the forehead; laceration above the right eye; and laceration to the bridge of the nose. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 and therefore, deny same.

43. In answering Paragraph 42 of Plaintiff's Amended Complaint, Defendants admit only that as a result of the June 30, 2006, incident, Plaintiff was treated for the following injuries: laceration to the forehead; laceration above the right eye; and laceration to the bridge of the nose. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 and therefore, deny same.

44. In answering Paragraph 43 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT I
### Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Acts of 1871, 42 U.S.C. §1983

45. In answering Paragraph 44 of Plaintiff's Amended Complaint, Defendants incorporate Paragraphs 1-45, above.

- 8 -

46. In answering Paragraph 45 of Plaintiff's Amended Complaint, Defendants admit only that they have a duty to act reasonably to protect inmates in their custody from foreseeable and unreasonable risks of harm. Defendants deny the remaining allegations set forth in Paragraph 45.

47. In answering Paragraph 46 of Plaintiff's Amended Complaint, Defendants deny same.

48. In answering Paragraph 47 of Plaintiff's Amended Complaint, Defendants deny same.

49. In answering Paragraph 48 of Plaintiff's Amended Complaint, Defendants deny same.

50. In answering Paragraph 49 of Plaintiff's Amended Complaint, Defendants deny same.

51. In answering Paragraph 50 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT II
### Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Act of 1871, 42 U.S.C. §1983

52. In answering Paragraph 51 of Plaintiff's Amended Complaint, Defendants incorporate herein, Paragraphs 1-51, above.

53. In answering Paragraph 52 of Plaintiff's Amended Complaint, Defendants admit only that they have a duty to act reasonably to protect inmates in their custody from foreseeable and unreasonable risks of harm.

54. In answering Paragraph 53 of Plaintiff's Amended Complaint, Defendants deny same.

55. In answering Paragraph 54 of Plaintiff's Amended Complaint, Defendants deny same.

56. In answering Paragraph 55 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT III
### Violation of the Eighth Amendment of the United States Constitution as Compensable by the Civil Rights Act of 1871, 42 U.S.C. §1983

57. In answering Paragraph 56 of Plaintiff's Amended Complaint, Defendants incorporate herein, Paragraphs 1-56, above.

58. In answering Paragraph 57 of Plaintiff's Amended Complaint, Defendants admit only that they have a duty to act reasonably to protect inmates in their custody from foreseeable and unreasonable risks of harm. Defendants deny the remaining allegations set forth in Paragraph 57.

59. In answering Paragraph 58 of Plaintiff's Amended Complaint, Defendants deny same.

60. In answering Paragraph 59 of Plaintiff's Amended Complaint, Defendants deny same.

61. In answering Paragraph 60 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT IV
### Assault and Battery Arising Out of the Act Occurring on June 30, 2006

62. In answering Paragraph 61 of Plaintiff's Amended Complaint, Defendants incorporate herein, Paragraphs 1-61, above.

63. In answering Paragraph 62 of Plaintiff's Amended Complaint, Defendants deny same.

64. In answering Paragraph 63 of Plaintiff's Amended Complaint, Defendants deny same.

65. In answering Paragraph 64 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT V
### Negligence Arising Out of the Act Occurring on June 30, 2006

66. In answering Paragraph 65 of Plaintiff's Amended Complaint, Defendants incorporate herein, Paragraphs 1-65, above.

67. In answering Paragraph 66 of Plaintiff's Amended Complaint, Defendants admit only that they have a duty to act reasonably to protect inmates in their custody from foreseeable and unreasonable risks of harm.

68. In answering Paragraph 67 of Plaintiff's Amended Complaint, Defendants deny same.

69. In answering Paragraph 68 of Plaintiff's Amended Complaint, Defendants deny same.

70. In answering Paragraph 69 of Plaintiff's Amended Complaint, Defendants deny same.

71. In answering Paragraph 70 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT VI
### Assault and Battery Arising Out of the Act Occurring on August 16, 2006

72. In answering Paragraph 71 of Plaintiff's Amended Complaint, Defendants incorporate herein, Paragraphs 1-71, above.

73. In answering Paragraph 72 of Plaintiff's Amended Complaint, Defendants deny same.

74. In answering Paragraph 73 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 73 and therefore, deny same.

75. In answering Paragraph 74 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 74 and therefore, deny same.

- 11 -

76. In answering Paragraph 75 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT VII
### Negligence Arising Out of the Act Occurring on August 16, 2006

77. In answering Paragraph 76 of Plaintiff's Amended Complaint, Defendants incorporate herein, Paragraphs 1-76, above.

78. In answering Paragraph 77of Plaintiff's Amended Complaint, Defendants admit only that they have a duty to act reasonably to protect inmates in their custody from foreseeable and unreasonable risks of harm.

79. In answering Paragraph 78 of Plaintiff's Amended Complaint, Defendants deny same.

80. In answering Paragraph 79 of Plaintiff's Amended Complaint, Defendants deny same.

81. In answering Paragraph 80 of Plaintiff's Amended Complaint, Defendants deny same.

82. In answering Paragraph 81 of Plaintiff's Amended Complaint, Defendants deny same.

## COUNT VIII
### Intentional Infliction of Emotional Distress

83. In answering Paragraph 82 of Plaintiff's Amended Complaint, Defendants incorporate herein, Paragraphs 1-82, above.

84. In answering Paragraph 83 of Plaintiff's Amended Complaint, Defendants deny same.

85. In answering Paragraph 84 of Plaintiff's Amended Complaint, Defendants deny same.

## AFFIRMATIVE DEFENSES

86. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

87. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff failed to exhaust administrative remedies prior to filing suit, including but not limited to, exhaustion of remedies as required by the Prison Litigation Reform Act, thereby precluding all claims asserted under 42 U.S.C. § 1983 (*see* 42 U.S.C. § 1997e(a)) as well as state claims asserted herein.

88. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff may have failed to satisfy the mandatory notice requirements of D.C. Code § 12-309.

89. As a separate defense, and in the alternative, these answering Defendants allege that an inmate does not have a constitutional right to a particular classification or housing assignment.

90. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's injuries, losses and damages were the result of assumption of the risk by Plaintiff.

91. As a separate defense, and in the alternative, these answering Defendants allege that if the plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

92. As a separate defense, and in the alternative, these answering Defendants allege they were acting under legal process, with good, sufficient and probable cause to be so acting, and that the actions of the District's employees were in good faith and without malice.

93. As a separate defense, and in the alternative, these answering Defendants allege that the actions of CCA's and the District's employees were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

94. As a separate defense, and in the alternative, these answering Defendants allege that the actions of Defendants, their agents servants and employees were taken in good faith and with reasonable belief in their lawfulness.

95. As a separate defense, and in the alternative, these answering Defendants allege that the actions or inactions alleged on the part of Defendants were not the proximate cause of any injuries, losses and damages to Plaintiff.

96. As a separate defense, and in the alternative, these answering Defendants allege that District employees enjoy absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity from suit, all of which would prevent Plaintiff from recovering from these Defendants.

97. As a separate defense, and in the alternative, these answering Defendants allege they acted objectively reasonable under the circumstances in order to restore discipline and safety.

98. As a separate defense, and in the alternative, these answering Defendants allege Plaintiff was contributorily negligent, which would diminish or eliminate Plaintiff's right to recover under certain claims for relief.

99. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's intentional and assaultive conduct was the proximate cause of the injuries/damages complained of, which would diminish or eliminate Plaintiff's right to recovery.

100. As a separate defense, and in the alternative, these answering Defendants allege that the CCA and District employees were acting in good faith at all

times, without malice, and without the requisite state of mind necessary for Plaintiff to prove in order to prevail on a claim of deliberate indifference.

101. As a separate defense, and in the alternative, these answering Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages and recovery for intentional infliction of emotional distress.

102. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's injuries, losses and damages, if any, were the result of the negligence or intentional act of someone other than the District of Columbia, its employees, agents and servants acting within the scope of their employment, thereby reducing or eliminating any damages owed by these Defendants.

103. As a separate defense, and in the alternative, these answering Defendants allege that the actions or inactions alleged on the part of these Defendants were not the proximate cause of any injuries, losses and damages to Plaintiff.

104. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

105. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff has failed to set forth a grave deprivation in regard to his allegation that a Constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

106. As a separate defense, and in the alternative, these answering Defendants allege that Defendants were not subjectively aware of, and did not consciously disregard, a substantial risk of harm to Plaintiff, thereby warranting dismissal of this lawsuit.

107. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff cannot prove the existence of a policy, custom, or practice that was the moving force behind the alleged Constitutional violations thereby warranting dismissal of the § 1983 claims against CCA and the District

108. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's claims may be barred by the applicable statute of limitations.

109. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff may have failed to mitigate his injuries and/or damages.

110. As a separate defense, and in the alternative, these answering Defendants allege that CCA and the District claim set-off against any amount awarded to Plaintiff for the cost and value of any care, treatment or services provided to him by CCA or the District of Columbia or their agencies.

111. Although these answering Defendants do not presently have specific facts in support of its remaining defenses, it wishes to put counsel for Plaintiff on notice that they raise the following affirmative defenses, as set forth in Rule 8, Fed. R. Civ. P., should subsequent discovery disclose facts that support those defenses, including but not limited to: fraud; illegality; payment; release; res judicata; and waiver.

112. WHEREFORE, having fully answered the allegations of Plaintiff's Amended Complaint, these Defendants pray that Plaintiff take nothing and that these Defendants be discharged with costs and attorneys fees' incurred pursuant to 42 U.S.C. § 1988.

Defendants hereby demand a jury trial as to all triable issues.

Respectfully submitted this 3rd day of October, 2007.

        s/ Daniel P. Struck
        Daniel P. Struck (D.C. Bar No. CO0037)
        Rachel Love (Arizona Bar No. 019881)

    Admitted Pro Hac Vice April 6, 2007
JONES, SKELTON & HOCHULI, P.L.C.
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 714-7304
Facsimile: (602) 200-7811 (direct)

Paul J. Maloney (D.C. Bar No. 3632533)
Mariana D. Bravo (D.C. Bar No. 473809)
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
Telephone: (202) 310-5500
Facsimile:  (202) 310-5555

Counsel for Defendants *John Caulfield, Marquis Johnson, Corrections Corporation of America, District of Columbia and Devon Brown, Director, D.C. Department of Corrections*

Foregoing electronically filed this
3rd day of October, 2007.

1832032.1